The Honorable Kymberly K. Evanson

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VIVIANA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA; and DOES 1-20, inclusive,<br><br>Defendant. | Case No. 2:26-cv-00763-KKE<br><br>LABORATORY CORPORATION OF AMERICA'S ANSWER TO THE COMPLAINT |

Defendant Laboratory Corporation of America ("Labcorp" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint of Viviana Sanchez ("Plaintiff"), as follows:

**NATURE OF ACTION**

1. Paragraph 1 of the Complaint attempts to characterize the contents of the Complaint to which Defendant responds that the document speaks for itself and therefore denies the same.

**JURISDICTION & VENUE**

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 2.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 3.

**THE PARTIES**

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefor denies the same.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint, except admits that Defendant is organized under the laws of Delaware and operates in the State of Washington.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 6.

**CLASS ALLEGATIONS**

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 7 and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of Civil Rule ("CR") 23.

8. Paragraph 8 of the Complaint contains a reservation of right to amend or modify the class description to which no response is required. To the extent a response is required, Defendant reserves its right to amend and modify its answer to Plaintiff's Complaint.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 9 of the Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of CR 23, including, but not limited to meeting the requirement of numerosity.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 10 of the Complaint and further denies that this case is suitable for class treatment or



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

that Plaintiff can meet the requirements of CR 23, including, but not limited to meeting the requirement of typicality.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 11 of the Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of CR 23.

12. Paragraph 12 (including subsections a – j) of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 12 of the Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of CR 23, including, but not limited to meeting the requirement of commonality.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 13 of the Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of CR 23.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 15 of the Complaint and further denies that this case is suitable for class treatment or that Plaintiff can meet the requirements of CR 23.

## **FACTUAL BACKGROUND**

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint, except admits that Plaintiff worked at one of Defendant's locations.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiff worked shifts lasting approximately eight hours.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

19. Defendant denies the allegations contained in paragraph 19 of the Complaint, except admits that Defendant compensated Plaintiff for all hours worked.

**Meal and Rest Period Violations**

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

**Failure to Pay Minimum and Overtime Wages**

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. To the extent a response a required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

**FIRST CAUSE OF ACTION**
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

36. Defendant repeats and realleges its responses contained in Paragraphs 1 through 36 as if fully set forth herein.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**RCW 49.46 et seq.**
**On Behalf of Plaintiff and Class Members**

46. Defendant repeats and realleges its responses contained in Paragraphs 1 through 46 as if fully set forth herein.

47. Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiff and Class Members**

54. Defendant repeats and realleges its responses contained in Paragraphs 1 through 53 as if fully set forth herein.

55. Paragraph 55 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.


SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

59. Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent a response a required, Defendant denies the allegations contained in paragraph 59 of the Complaint.

## PRAYER FOR RELIEF

Regarding the allegations in the paragraphs and sub-paragraphs beginning with the word "Wherefore," after paragraph 59 of the Complaint, Defendant asserts that neither Plaintiff nor any of the putative class members are entitled to any relief against Defendant whatsoever. To the extent not otherwise addressed by this Answer, Defendant denies the allegations in the Complaint, including those contained in the headings and subheadings.

## AFFIRMATIVE DEFENSES

Pursuant to Civil Rule 8(c), and without assuming any burdens or proof of persuasion that would otherwise rest on Plaintiff, Defendant asserts the following defenses and affirmative defenses:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches.

3. By way of further answer and affirmative defense, pending further discovery, some of Plaintiff's claims may be barred by the doctrines of waiver, estoppel, ratification, or other defenses set forth in CR 8(c).

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

5. Plaintiff seeks to hold Defendant liable for the actions of a third party.

6. Some or all of Plaintiff's claims for alleged unpaid overtime wages are barred by Washington's administrative regulations.

7. Plaintiff's or any other alleged class members' claims are barred in whole or in part by the doctrine of payment.

8. If Defendant was liable for unpaid overtime as claimed by the Plaintiffs, which Defendant denies, then Defendant would be entitled to a setoff or credit for payments already made for the premium or straight-time portion of any overtime hours worked.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

9. Until further evidence is uncovered, any damages claimed by the Plaintiff or potential class members may have resulted from their own negligence or the actions of other parties, over whom Defendant had no control.

10. Until further evidence is uncovered, any harm or damage suffered by the Plaintiff or potential class members may be due to their failure to mitigate those damages or to shield themselves from avoidable outcomes.

11. Defendant's conduct was reasonable, in good faith, not willful and was not in violation of any law.

12. Plaintiff or alleged class members knowingly submitted to some or all of the conduct alleged in the Complaint.

13. Plaintiff's or any other alleged class members' claims are barred by the doctrines of accord and satisfaction and/or release.

14. Plaintiff's or any other alleged class members' claims are barred due to the express terms and requirements of each of their job position, and each of their agreement to such terms and requirements.

15. Defendant alleges that any unlawful or other wrongful acts, if any, taken by any of the officers, directors, supervisors, or employees of Defendant were outside the scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know, nor should they have known of such conduct.

16. The claim for violation of RCW 49.52.050 (willful withholding of wages) is barred because, at a minimum, a bona fide dispute exists as to the obligation to pay the wages sought in this action and/or because any incorrect deductions from wages were made erroneously rather than intentionally and/or because Plaintiff knowingly submitted to any alleged violations.

17. Plaintiff has been paid all wages and all other compensation due to her by virtue of her employment, if any, with Defendant.

18. Defendant's defenses above are likewise asserted as defense to the claims of any and all alleged putative members of any class that may be certified in this action.



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

19. Plaintiff has failed to join necessary and indispensable parties in this action.

20. Plaintiff has failed to plead conduct by Defendant that would be sufficient to hold Defendant liable on some or all of Plaintiff's claims.

21. Plaintiff lacks standing to raise some or all of the claims they asserted against Defendant.

22. Plaintiff's proposed class claims cannot and should not be maintained as a class action as they do not meet any or all of the requirements established by CR 23.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert by supplemental pleading any affirmative defense or counterclaim that matures or is acquired by them subsequent to this Answer.

Dated this 16th of March 2026.

SEBRIS BUSTO JAMES

s/ Jeffrey A. James
Jeffrey A. James, WSBA #18277
15375 SE 30th Place, Suite 310
Bellevue, Washington 98007
(425) 454-4233
jjames@sbj.law

*Counsel for Defendant*