UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVIANA SANCHEZ,<br><br>Plaintiff(s),<br>v.<br><br>LABORATORY CORPORATION OF AMERICA, et al.,<br><br>Defendant(s). | CASE NO. C26-0763-KKE<br><br>ORDER GRANTING MOTION TO REMAND |

Plaintiff Viviana Sanchez filed this wage-and-hour class action against her employer, Defendant Laboratory Corporation of America ("LabCorp"), in King County Superior Court.[1] Dkt. No. 1-1. LabCorp removed the action to this Court, and Sanchez now seeks a remand because the jurisdictional minimum amount in controversy is not satisfied. Dkt. Nos. 1, 15.[2] Because the Court agrees that LabCorp has failed to meet its burden to show that the jurisdictional minimum has been met, the Court will grant the motion to remand.

[1] From the face of the complaint, it is unclear whether Sanchez is a current employee of LabCorp. *See* Dkt. No. 1-1 ¶ 4 (stating that she worked from "approximately 2018 through at least the end of December 2025"). LabCorp submitted a declaration indicating Sanchez is still employed as of April 2026. Dkt. No. 22 ¶ 4.

[2] The Court will refer to the parties' briefing by CM/ECF page number.

## I. BACKGROUND

Sanchez alleges that while working for LabCorp, she often worked through required rest or meal breaks or was forced to take breaks late, and was not compensated for those violations of state law. Dkt. No. 1-1 ¶¶ 20–30. Sanchez also alleges that LabCorp required that she work when she was not clocked in for a shift, which means that she worked while uncompensated and at times worked more than 40 hours per week but was not paid overtime compensation. *Id.* ¶¶ 31–35. Sanchez filed her complaint on behalf of herself and a class of all Washington LabCorp current/former employees similarly situated, and the complaint alleges that there are at least 100 such class members. *Id.* ¶ 9.

LabCorp's notice of removal alleges that Sanchez's individual claims satisfy the $75,000 jurisdictional minimum amount in controversy for diversity jurisdiction. Dkt. No. 1 ¶ 9 (citing 28 U.S.C. §§ 1332(a) and 1441). According to LabCorp, the value of Sanchez's individual claims is more than $100,000.00. *Id.* ¶ 14. Sanchez's motion to remand questions the assumptions underlying LabCorp's notice of removal, and estimates the value of her individual claims at $28,021.87. Dkt. No. 23 at 14.

The motion to remand is now ripe for the Court's resolution.

## II. ANALYSIS

### A. Legal Standards

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

The removing party has the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.* 443 F.3d 676, 683–85 (9th Cir. 2006). The removing party may initially meet this

burden by filing a notice of removal containing a short and plain statement of the grounds for removal, 28 U.S.C. § 1446(a), which must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014). However, when the removing party's "assertion of the amount in controversy is challenged … both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. To determine the aggregate amount in controversy, the Court may consider allegations in the complaint and "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)).

**B. The Court Will Grant the Motion to Remand Because LabCorp Has Failed to Show that the Jurisdictional Minimum Is Satisfied.**

Sanchez challenges LabCorp's removal to federal court, arguing that the assumptions in the notice of removal are speculative, inflated, mischaracterized, and unsupported. Dkt. No. 15 at 6. To determine whether removal was proper, the Court must assess whether the amount in controversy exceeds $75,000.00.

In its notice of removal, LabCorp calculated the amount in controversy for Sanchez's individual claims to be $101,951.99. Dkt. No. 1 ¶ 14. LabCorp's opposition to Sanchez's motion to remand estimates Sanchez's total damages to be between $47,928.00 and $55.160.26, plus at least $41,676.50 in attorney's fees. Dkt. No. 21 at 17.

Sanchez contends that LabCorp overestimated her damages in a number of ways, and that a reasonable estimate of the total amount in dispute is $28,021.87 ($25,938.04 in damages plus fees), which is far less than $75,000.00. Dkt. No. 23 at 14.

Because both Sanchez and LabCorp estimate Sanchez's damages at less than $75,000.00, it is the attorney's fees estimate that will determine whether the jurisdictional minimum is satisfied. The Court will therefore start there.

Where, as here, a defendant removes a putative class action under traditional diversity jurisdiction, "at least one named plaintiff must independently meet the $75,000 threshold" and the "separate claims of putative class members cannot be aggregated to meet the threshold." *Baum v. Platinum Nine Holdings, LLC*, No. 2:25-CV-00671-TL, 2025 WL 3237500, at *3 (W.D. Wash. Nov. 20, 2025) (citing *Snyder v. Harris*, 394 U.S. 332, 335–36 (1969)).

Here, the parties dispute how to estimate the fees attributable to Sanchez. LabCorp directs the Court's attention to a fee award in a class action that was litigated by Sanchez's counsel, arguing that the total fee award for this class action ($208,382.50) should be halved to provide an estimate for Sanchez's fees in this case. Dkt. No. 21 at 17–18 (citing *Gutierrez v. Int'l Paper Co.*, No. 22-cv-08460-JFW-RAO (C.D. Cal. 2024)). LabCorp believes a 50% reduction is appropriate because *Gutierrez* settled before a class-certification motion was filed, and counsel did not interview, depose, or defend a deposition of any putative class member other than the named plaintiff. *Id*. at 18.

A 50% reduction is an unreasonably high estimate of Sanchez's pro rata share of fees here. LabCorp cites no authority to support that percentage, and Sanchez has cited cases where courts have divided a comparable fee award by the number of class members. *See, e.g.*, *Dale v. Vulcan Metals Corp.*, No. 3:25-cv-05803-TMC, 2026 WL 304527, at *3 (W.D. Wash. Feb. 5, 2026). Even accepting LabCorp's assumption that the total *Gutierrez* fee award is an accurate comparator here, dividing that award amount by 100 putative class members leads to a pro rata share of $2,083.83, which is insufficient to reach $75,000.00.

LabCorp also argues in the alternative that it is reasonable to assume that counsel would spend at least 100 hours litigating an individual plaintiff's claims in a single-plaintiff wage-and-hour case, such that Sanchez's fees would total $700,000.00 (100 hours x $700 hourly rate). Dkt. No. 21 at 19–20. LabCorp did not file any "summary-judgment-type evidence" to support that assumption, which distinguishes this case from the case it relies upon. Dkt. No. 21 at 19 (citing *Forrest v. MAV KG, LLC*, No. 2:25-cv-00257-TLN-JDP, 2025 WL 2753725, at *3 (E.D. Cal. Sep. 29, 2025)). Absent support for this 100-hours assumption, the Court will not credit it for purposes of estimating the amount in controversy.

Because LabCorp's most optimistic damages estimate ($55.160.26) is nearly $20,000.00 less than the jurisdictional minimum, and LabCorp has not shown that Sanchez's pro rata share of fees would total anywhere close to that amount, LabCorp has failed to meet its burden to show that the amount in controversy is sufficient for diversity jurisdiction.

## III. CONCLUSION

The Court GRANTS Plaintiff's motion. Dkt. No. 15. This case is REMANDED to King County Superior Court.

Dated this 13th day of October, 2026.

Kymberly K. Evanson
United States District Judge